Ratliff v. Stretch *et al.*

Filed Jan. 30, 1892.

------

## No. 15,448.

## RATLIFF *v.* STRETCH ET AL.

COURTS.—*Inherent Power to Grant Relief.*—A court of general jurisdiction has inherent power to grant equitable relief without the aid of a statute empowering it to act.

JUDGMENT.—*Enjoining.*—*Laches.*—*Relief Available in Original Action.*—*Mistake, Fraud or Accident.*—A court of equity will not enjoin the enforcement of a judgment claimed to have been obtained by fraud, mistake

Ratliff *v.* Stretch *et al.*

or accident, unless the complaint shows, in addition to the fraud, accident or mistake relied upon, that it could not have been prevented by the use of reasonable diligence on the part of the plaintiff, that he has been diligent in seeking relief, and that the law afforded him no efficient remedy for the maintenance of his defence in the action in which such judgment was rendered.

From the Grant Circuit Court.

*G. W. Steele* and *J. A. Kersey*, for appellant.

*W. H. Carroll* and *G. D. Dean*, for appellees.

MILLER, J.—The action of the court in sustaining a demurrer to the complaint is the only question contained in the record.

The action is to enjoin the enforcement of a judgment for the partition of real estate, and the prosecution of an action for the recovery of rents.

A synopsis of so much of the complaint as is deemed necessary to an understanding of the questions of law involved is as follows:

Plaintiff complains of defendants, and says that the plaintiff is the owner in fee simple of a tract of real estate, which is described; that in 1868 he recovered a judgment in the Grant Circuit Court against said Jane A. Stretch and others quieting his title to the real estate; that since that time she has never acquired or had any right or title thereto or interest therein; that by a mistake and inadvertence on the part of the clerk of the court who recorded the judgment the description of the land was omitted from the decree; that plaintiff did not know of the mistake and omission until the year 1886, and when he learned of the same the complaint in the cause was not on file in the office of the clerk of said court, and upon a diligent search could not be found; that the complaint in said cause contained an accurate description of the real estate; that since the April term, 1889, of the Grant Circuit Court, the plaintiff has found the complaint, and has commenced proceedings to procure the amendment and correction of the decree by having inserted

therein the description of the real estate as contained in the complaint.

That in the year 1886 said Jane A. Stretch recovered a judgment against the plaintiff in said court for the partition of said real estate, and on the trial of the cause plaintiff put in evidence the record of his judgment quieting his title against her, and then for the first time learned that said judgment and decree did not contain a description of the real estate; that the complaint containing the description was lost and could not be found; that if said decree had contained said description, or if said complaint could have been found, it would have been given in evidence, and said Jane A. Stretch could not and would not have recovered her judgment in partition against him; but that in said action she did obtain a decree in partition for the one-seventh of said real estate; that as soon as the plaintiff found said complaint he commenced his proceedings to correct the record of said judgment; that when the record is corrected it will show that said Jane has no right or title to, or interest in, said real estate, and never had any; that there was no paper or memorandum other than the complaint by which the judgment quieting title could have been amended.

The complaint shows that the land in dispute was about to be sold by a commissioner appointed in the partition suit.

It is also alleged that said Jane A. Stretch had commenced an action against the plaintiff, which was pending, for the recovery of rents on the one-seventh interest in the land which had been set off to her.

That the plaintiff is now able to prove by his said judgment quieting title, and the complaint filed by him in that suit, that when said Jane A. Stretch recovered her judgment in partition, she had no right or title to, or interest in, said real estate, which fact he was unable to prove on the trial by said unavoidable accident and mistake.

The power of courts of general jurisdiction to grant equitable relief is not only conferred by our code of practice, but

has often been recognized as among their inherent powers, necessary to the complete administration of justice. *Nealis* v. *Dicks*, 72 Ind. 374; *Sanders* v. *State*, 85 Ind. 318; *Curtis* v. *Gooding*, 99 Ind. 45; *Little* v. *State*, 90 Ind. 338; *Brown* v. *Goble*, 97 Ind. 86.

The liberal provisions of our code, by which both legal and equitable defences may be interposed on a trial, and new trials granted for misconduct of the jury, or prevailing party, or on account of accident or surprise, have, by affording an equally efficient and more expeditious method of affording relief, greatly abridged the province of equity in granting relief by injunction.

On this subject Pomeroy Eq. Jur., section 1365, contains this language: " The jurisdiction of the English chancery to enjoin judgments at law, not by reason of any equitable right involved in the controversy itself, but on account of wrongful acts or omissions accompanying the *trial* at law, originated at a time when the law courts had little or no power to grant new trials for such causes. To prevent a failure of justice, a distinct head of equitable jurisdiction was admitted, that of virtually granting new trials—of entertaining suits for a new trial—when a judgment at law had been thus obtained by fraud, mistake, or accident; and the injunction against further proceedings on the judgment was a mere incident of the broader relief which set aside the judgment, and granted a rehearing of the controversy in the court of chancery. The original occasion for this special jurisdiction has disappeared. In England, and in most, if not all, of the American States, either through statutes or through judicial action, the courts of law have acquired, and constantly exercise, full powers to grant new trials, whenever from the wrongful acts or omissions of the successful party, or from accident or the mistake of the other party, or from error or misconduct of the judge or the jury, there has been a failure of justice."

In order to justify a court in enjoining the enforcement of a judgment claimed to have been obtained by fraud, mis-

take or accident, it is necessary for the complainant to show, in addition to the fraud or mistake relied upon, that it could not have been prevented by the use of reasonable diligence on his part; and that he has been diligent in seeking relief, and that the law afforded him no efficient remedy for the maintenance of his defence in the action in which such judgment was rendered. Pomeroy Eq. Jur., section 1361.

Viewed in the light of these authorities, the complaint does not state such facts as will entitle the appellant to enjoin the enforcement of the judgment rendered against him.

We do not consider the allegation in the complaint that the plaintiff is the owner of the real estate, when taken in connection with the fact disclosed in the pleading that she had obtained a judgment against him for an undivided one-seventh of the property, as of controlling importance. We regard the allegation simply as the assertion of the plaintiff; a claim of ownership, which could not control the legal effect of the judgment.

Waiving a discussion of the question of negligence on the part of the plaintiff in failing, either in person or by attorney, to supervise the making of the entry of the decree quieting title, we are of the opinion that his conduct subsequent to the discovery of the defect in the judgment has been of such a character, and pursued for such a length of time, as to constitute a waiver on his part of the right to appeal to equity to correct the judgment and enforce it against her.

If at the trial the appellant, as was doubtless the case, was surprised at the defect in his judgment, and the loss of the complaint, he might have asked for time to substitute the complaint under the provisions of the act providing for the reinstatement of records. Section 1239, R. S. 1881. His equity to have a continuance for such purpose was quite as strong as it now is to ask an injunction, and much superior in point of time.

If his application for a continuance had been made and

refused, it could have been assigned as a cause for a new trial, and if necessary reviewed on appeal to this court.

It was not essential that the appellant should have a correction of the decree in order to have the benefit of its use on the trial. In that case, on appeal to this court, it was said (*Ratliff* v. *Stretch,* 117 Ind. 526) : " The appellant also introduced in evidence a decree of the Grant Circuit Court in his favor against the appellee and James A. Stretch, quieting title, but no land is described in this decree. The complaint upon which it was based might have supplied this defect, but it was not read in evidence. A decree quieting title to land, unless the description can be ascertained from the record, is void."

If the appellant, in his choice of remedies, thought best to rely upon his legal rights, and to appeal from the judgment rather than make application for a continuance on the ground of surprise, we think he must, after the length of time that has elapsed, stand by his election.

The cases cited by the appellant do not, upon examination, render him much assistance in the position he is compelled to assume in this case. In *Brown* v. *Goble, supra,* the judgment, although it appeared to be valid, was in fact void. *Vathir* v. *Zane,* 6 Grat. 246, the only case cited, where the enforcement of a judgment was enjoined because an instrument of writing which was necessary to the maintenance of the plaintiff's case was lost at the time of the trial, was decided in 1849 in a State where courts of equity existed and retained jurisdiction separate and apart from the common law courts.

We are satisfied that it would inaugurate an unsafe practice, and one well calculated to produce instability in judgments, and uncertainty in titles, if judgments could be set aside and their enforcement enjoined, because one of the parties litigant, on account of the absence of a witness, or loss of an instrument in writing, did not have sufficient evidence

to maintain their case.   In *Fletcher* v. *Warren*, 18 Vern. 45, the court said, on this subject:

" Mere accident or mistake on his own part is rather to be accounted his misfortune than imputed as a wrong to the other party ; and it must be a strong case where this alone can be made the ground of equitable interference at so late a stage."

Another view may be taken of the case :   If the appellant was, as alleged, the owner of the property, he might have been able, for anything that appears to the contrary in the complaint, to have established that fact on the trial without resorting to the record of the previous action to quiet title.   If such was the case the record evidence, while of a high grade and conclusive nature, was merely cumulative.

We are of the opinion that the court did not err in sustaining the demurrer to the complaint.

Judgment affirmed.

Filed Feb. 5, 1892.