## ATHA *v.* GLENN ET AL.

[No. 14,126. Filed February 26, 1931. Rehearing denied May 14, 1931.]

*George S. Rainey,* for appellant.

*Vaughn & Vaughn, Charles D. Lesley* and *Fenton, Steers, Beasley & Klee,* for appellees.

NEAL, P. J.—Appellant, plaintiff below, by her next friend, filed a suit in equity to set aside a judgment previously rendered against her in an action brought by her for personal injuries sustained as a result of an automobile collision. To this complaint, a demurrer was filed, alleging insufficient facts, which demurrer was sustained. Hence this appeal, the only error assigned being the court's action in sustaining said demurrer.

The salient facts alleged in the complaint, briefly stated, are, in substance, as follows: That, on Novem-

ber 9, 1926, appellant, by her next friend, Albert E. Holder, brought an action in the Tippecanoe Circuit Court against appellees for personal injuries alleged to have been sustained because of the negligent operation of an automobile, owned by appellee Glenn and driven by appellee Weis while in the employ, as agent, of said Glenn; that a change of venue was taken to the Carroll Circuit Court where a trial resulted in a finding for appellees and against appellant; that, prior to said trial, appellees' attorneys and others, without the knowledge or consent of her next friend, parents or attorneys, proposed to appellant, "a minor under the age of 21 years, that she give false testimony on the trial of said damage suit and thereby lose said suit," for which they offered to pay her $1,000; that said attorneys for appellee, and others, caused appellant to believe that her parents and attorneys were in a plot to get whatever money she might obtain from said suit, and that if she did not settle said suit with them, she would get nothing, whereby she was led to believe that it was to her best interests to testify falsely; that appellant, because of her inexperience and youth, together with her impaired condition of health and nervous shock sustained as a result of said injuries, was easily influenced by said representations and prevented from proving her cause of action at said trial; that, as a result of said persuasions, appellant did testify falsely at said trial to facts material to her cause of action, to wit, that: (1) Appellant was guilty of contributory negligence in non-observance of traffic signals; that (2) she was able to walk a short time after the accident but her attorney advised her not to do so; that (3) she had been in bad health prior to the accident; that (4) she saw said automobile back of a street car before it struck her; that (5) the automobile was a farther distance away from her when it passed said car than was actually true; that (6) she attempted to board

said car between Kossuth Street and an alley; that (7) she did not talk over evidence to be given with appellees' attorneys; that (8) she refused to sit at appellant's counsel table of her own volition; that (9) she had been living with Mrs. Florence Smith for six months; that after said suit, appellant was paid $1,000 by appellees' attorneys and advised to keep such payment secret and dispose of the same as soon as possible, all without the knowledge of appellant's guardian or attorney; that she did spend said money in accordance with said instruction and is, therefore, unable to make restitution; that all said actions were for the purpose of defrauding appellant and of perpetrating a fraud upon said court.

Appellees, in support of their contention, set out in the memorandum to the demurrer, to wit: "Plaintiff's complaint herein does not show that plaintiff in said original cause of action . . . could not have avoided the alleged fraud . . . complained of by notifying or advising the court herself, or through her next friend, or attorneys, that the plaintiff was committing fraud upon the court, and that the plaintiff, through her next friend or attorneys, was diligent in her efforts to avoid such alleged fraud and thus avoid a final adjudication of the issues involved in said original damage action," and that "the action on the part of the plaintiff, by and through her next friend, her attorney, and herself, in remaining silent, and failing to advise the court of the introduction of alleged perjured testimony on the part of the plaintiff, and failing to dismiss their original damage action; . . . having knowledge of the fact, as they claim, that perjured testimony was being introduced, and failing to file any motion whatever, or taking any step to advise the court, but, on the contrary, permitted and continued the prosecution of said cause of action to final judgment . . . has not brought herself, nor have they brought themselves, within the operation of the equitable rule

allowing judgment to be set aside," etc., earnestly contend that "the facts as presented by the complaint clearly show that if anybody could have knowledge of the fact that perjury was being committed at the time of the trial, that person was appellant herself, and her representatives at the trial," and that, before a court of equity will grant redress, it is necessary that appellant first show that she could not have availed herself of the fraud at the time. We are well impressed with this contention.

It is well settled that, before a court of equity will give relief and set aside a judgment alleged to have been obtained by fraud, it must first be made to appear that the party seeking said equitable relief used due diligence at the former trial, and that the alleged fraud resulting in the judgment complained of came about through no fault of his own. *Ratliff* v. *Stretch* (1892), 130 Ind. 282, 30 N. E. 30; *Hollinger* v. *Reeme* (1894), 138 Ind. 363, 36 N. E. 1114, 46 Am. St. 402, 24 L. R. A. 46; *Hitt* v. *Carr* (1921), 77 Ind. App. 488, 130 N. E. 1; *Zellerbach* v. *Allenberg* (1885), 67 Cal. 296, 7 Pac. 908; *Miller* v. *Estate of Miller* (1903), 67 Nebr. 441, 95 N. W. 1010; *Citizens Ins. Co.* v. *Herpolsheimer Implement Co.* (1907), 78 Nebr. 707, 111 N. W. 606; 23 Cyc. 1025.

Appellant is unfortunate in her citation of the case of *Secord* v. *Powers* (1901), 61 Nebr. 615, 85 N. W. 846, which case, although it is not in point with the facts of the case now under consideration, states the general rule as to invoking equitable relief against judgments alleged to have been procured through fraud and perjury. In that case, Powers asserted title to certain property which had been seized by Secord, as sheriff, under an order of attachment issued as a result of a judgment against Powers. A motion was made to discharge the attachment and, in support of said motion,

Powers filed an affidavit setting forth her right and ownership. Afterwards, she filed a replevin suit against Secord, which resulted in a verdict and judgment confirming her claim to the property. Secord then filed a petition to set aside said judgment, alleging that the same had been obtained by perjury. The court, after stating the general rule of equity that, where a judgment is clearly shown to have been obtained by fraud or perjury and is such as would be against good conscience to enforce, the judgment will, on a showing of due diligence of the unsuccessful party, be set aside, said: "In an action to vacate a judgment on the ground that it was obtained by fraud, the plaintiff must allege and prove that he exercised due diligence at the former trial, and *that his failure to secure a just decision was not attributable to his own fault or negligence.*" (Our italics.) In applying this rule to the facts in that case, the court stated: "Her affidavit . . . advised him of all the transactions that she had with the principal witnesses produced at the second trial. It was quite as easy for him to secure the attendance or obtain the depositions of these witnesses for the first trial as for the second. . . . He did not become diligent until after he heard from the jury." So here, as there, neither appellant nor her attorneys made any showing of diligence until after the issue had been prosecuted to final judgment. Appellant's attorney and her next friend knew, or should have known, that the testimony complained of, as set forth in the complaint as being false, was not true. They knew when she testified to that state of facts that something was wrong, yet they said nothing and remained silent at that time. Nor does appellant allege in her complaint that she, her next friend or her attorneys could not have known that the testimony was false and that fraud was being committed (see *Ratliff*. v. *Stretch, supra*), so that she, through her next friend or

attorney, could not have relieved herself by advising the court, or through a dismissal, which course was open to her as a matter of right.

The record before us discloses a state of facts from which we can only conclude that, not only appellant herself, but she, through her next friend and attorney, could have availed herself of the fraud at the time of trial, but they chose to stand on the testimony as given, which they knew to be false, and yet, they deliberately submitted their case to a jury, and chose to take its verdict upon the facts in evidence. Having elected to do this, they cannot now complain.

Judgment affirmed.