FOWLER v. STEBBINS et al.

(Circuit Court of Appeals, Eighth Circuit.   March 18, 1905.)

No. 2,053.

1. RES ADJUDICATA—IDENTITY OF NAMES—EVIDENCE OF IDENTITY OF PARTIES.
Identity of parties is as essential to the estoppel of res adjudicata as identity of causes of action.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 1080.]

Identity of names is presumptive, but it is not conclusive evidence of identity of persons.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 1819.]

2. SAME—DESCRIPTIONS IN RECORD TO IDENTIFY PARTIES.
Where the pleading upon which a judgment or decree is based discloses the fact that there were two persons with the same name who may be identified by their descriptions in the pleading, and that one of these persons was made a party to the suit, and the other was not, the latter may exempt himself from the estoppel of the decree by applying to himself by competent evidence the description in the pleading.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Kansas.

The plaintiff, Lewis Fowler, brought an action of ejectment against the defendants, A. G. Stebbins, A. W. Dennison, and the Citizens' State Bank. They answered that he was the same person who was a party defendant under the name Louis Fowler in a suit to partition the property in controversy, which had been brought by John Martin Fowler, the nephew of Hiram H. Fowler, who died intestate, the owner of the land, in December, 1894, that service of the summons or notice had been made upon the plaintiff in that suit by publication; that a decree had been rendered therein that he had no interest in the property, and that the property be sold, and the proceeds be distributed among others, who were adjudged to be the owners of it; that the defendant Stebbins purchased and obtained a conveyance of the land under that decree; that he and the other defendants hold it under that title; and that the claim of the plaintiff to the land was rendered res adjudicata by the decree in that suit in partition. They attached and made a part of their answer the petition, summons, or notice, and decree in partition. One of the parties named as a defendant in the partition suit was Louis Fowler. The petition contained these averments concerning him: "That said Hiram H. Fowler did not leave either widow or children surviving him, nor any parents, and, under the laws of this state, said real estate descended in equal shares to his brothers and sisters, and to the children of his brothers and sister who were deceased." "That the decedent, Hiram H. Fowler, formerly had a son named Louis Fowler, who died more than ten years ago, and the defendant Louis Fowler, who claims to be an heir of the decedent, Hiram H. Fowler, is not the son of said Hiram H. Fowler, and is not in any manner related to him, and is not an heir of said decedent, nor in any way interested in the above-described land." The petition contained this, among other prayers: "And that defendants Louis Fowler and Maria Fowler be found and adjudged to be in no wise related to the decedent, Hiram Fowler." The notice published informed the defendants that, unless they answered, a decree would be rendered against them that John Martin Fowler and others were the owners of the property; "that the defendants Louis Fowler and Maria Fowler are in no manner related to the deceased, Hiram H. Fowler, and have no interest whatever in and to said premises"; and that the property or its proceeds be divided among its owners. The decree contained a finding that the facts set forth in the petition were true; that Hiram H. Fowler died without leaving either widow, children, or parents; that the defendant Louis Fowler was not the son of Hiram H. Fowler, was not in any way related to

him, and had no interest in the property; and it adjudged that he was barred and estopped from setting up any claim to the land. The plaintiff replied to this answer that he is the only son of Hiram H. Fowler, and that he is the owner of the property by descent from his father; that he is not the same person who was made a defendant in the suit in partition by the name Louis Fowler; that that person was some Louis Fowler to him unknown, who was not related to Hiram H. Fowler, while he is that son of Hiram H. Fowler, who the plaintiff in the suit in partition supposed and alleged was dead, and consequently did not make a party to that suit. Upon the trial of the action the defendants objected to the introduction of any evidence by the plaintiff upon the ground that, under the admission in the pleadings that the defendants had the title under the decree in partition, the claim of the plaintiff was res adjudicata. The court sustained this objection, directed a verdict, and entered a judgment for the defendants.

C. H. Brooks (J. D. Houston, on the brief), for plaintiff in error.

A. L. Redden (T. A. Kramer, on the brief), for defendants in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Identity of parties is as essential to an estoppel by res adjudicata as identity of causes of action. Conceding that the difference in the name Louis Fowler in the proceedings in partition and the name of the plaintiff, Lewis Fowler, is not material, on account of the identity of sound, nevertheless the latter was not bound by the decree in partition unless he was a party to the suit in which it was rendered—unless he was the Louis Fowler whom the plaintiff in the partition suit made a defendant by his petition. When one commences a suit to secure desired relief, the burden is upon him in the first instance to make such persons parties to his suit as will enable the court to lawfully grant the decree he seeks. When the decree or judgment has been rendered, it is evidence of its own validity. Identity of names is presumptive, but it is not conclusive, proof of identity of persons. One brings an action on a promissory note, and issues an attachment upon land, procures a judgment based upon service by publication upon a defendant called John Smith. That action, attachment, and judgment are presumptive evidence that each particular John Smith was the defendant, and was bound by the judgment. But they are not conclusive evidence of that fact. The John Smith who actually owned the land may prove by competent oral or written evidence that he was not the John Smith who was made defendant in that action; that he never made the promissory note which was the foundation of it; that its maker was another person, who bore the same name, but had no interest in his property; and upon the presentation of such proof the owner of the land becomes free from the estoppel of the judgment. A judgment is docketed against John Brown, based upon personal service. Presumptively, it is a judgment against each John Brown in the county, and a lien upon his real property. Yet every John Brown but the actual defendant may prove that he was not the defendant in the action, and, in order to do so, may show not only that the summons was never served upon him, but that he was not the person who made the note or contract or committed the act which was the basis of the recovery.

The fallacy in the contention that the judgment or decree conclusively estops every person who bears the name of a party to it from denying the truth of findings evidenced by the judgment or decree lies in the false assumption that every person who bears that name is the party to the suit. The person who was the party to the suit is estopped to deny the truth of the findings and the validity of the decree. No other person is thus bound. The prima facie presumption is that there is but one person who bears any particular name, and this presumption is the basis of the rule that identity of name is presumptive evidence of identity of person.. When the fact is established that there are more than one person who have the same name, and only one person by that name was made a party to the suit, the inevitable result is that only one of these parties was bound by the findings or by the judgment; and the question which one was so bound is open for trial by oral and written evidence, under the established rules of law, and in the trial of this issue no one is bound by the findings and decree until the fact is established by the evidence that he and not another was the party to the suit in which they were named.

The record in the partition suit, therefore, was not conclusive proof that the plaintiff in the action of ejectment was the same Louis Fowler who was made a defendant in that suit; and as he alleged in his reply, and his counsel asserted in his opening address to the jury, that he could establish by evidence the fact that he was a different person from the Louis Fowler who was made a party to that suit, he should not have been deprived of an opportunity to do so.

Moreover, the record in the partition suit robs the decree therein of the customary presumptive effect of a judgment upon the issue of identity. The proceedings which lead up to a decree generally disclose but one party with the same name, and the decree is presumed to be against each person of that name, because the presumption is that he is the only person who bears that name. If, however, the basis of a judgment be a complaint against George Smith, in which the plaintiff expressly avers that there are two men by that name, one of whom is the son of James Smith, and the other the son of Charles Smith, and that the defendant is not the son of James, but is the son of Charles, the issue of the identity of the defendant is tendered upon the face of the action itself, and proof by any George Smith that he is the son of James, or that he is not the son of Charles, would unquestionably exempt him from the estoppel of the judgment. In the suit in partition the summons or notice and its publication undoubtedly called into court and bound by the decree that Louis Fowler whom the plaintiff made a party to his suit, and it bound him only. The petition preceded the summons or notice in time, and was the foundation for its issue. Recourse must therefore be had to that pleading to learn who the Louis Fowler was that the complainant in that suit made a defendant. In that petition he avers that there were two persons named Louis Fowler, that one of them was the son of Hiram H. Fowler, that this one had died more than 10 years before the suit in partition was brought, and that the other was the defendant Louis Fowler, who was "not the son of Hiram H. Fowler, and is not in any manner related to him." The decree finds that these averments are true, and adjudges that the defend-

ant Louis Fowler has no interest in the land. The plaintiff in the action of ejectment alleges that he was that son of Hiram H. Fowler who the plaintiff in the partition suit alleged was dead, and that consequently he was not the Louis Fowler who was a party to that suit. The logic of this position is a demonstration. The plaintiff in the partition suit had the right to make and to refuse to make such persons parties to the suit as he elected. If he had alleged that there were two Louis Fowlers; that one was the son of Hiram, but that the defendant Louis Fowler was not the son of Hiram, and was no relation to him—could there be any doubt that the son would not have been, and the Louis Fowler who was not the son would have been, a party to the suit? Did the Louis Fowler who was the son of Hiram become a party to the suit because the plaintiff alleged that he was dead, and thereby placed beyond all question the fact that he neither made nor intended to make him a party? These questions bear their own answers.

Where the pleading upon which a judgment or decree is based discloses the fact that there were two persons with the same name who may be identified by their descriptions in the pleading, and that one of these persons was made a party to the suit, and the other was not, the latter may exempt himself from the estoppel of the decree by applying to himself by competent evidence the description in the pleading.

The judgment below is reversed, and the case is remanded to the Circuit Court, with directions to grant a new trial.