### In re LETSON.

#### (Circuit Court of Appeals, Eighth Circuit. October 19, 1907.)

#### No. 72.

1. BANKRUPTCY—HOMESTEAD—PURCHASE WITH NONEXEMPT FUNDS.

   In the absence of a local rule to the contrary, the mere use by an insolvent of nonexempt funds or assets in acquiring a homestead does not make it subject to the claims of his creditors in bankruptcy.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, §§ 668–670.]

2. SAME—ADJUDICATION—MATTERS CONCLUDED.

   An adjudication of bankruptcy on a petition charging different acts of bankruptcy, and which does not show upon which one it proceeded, does not render either charge res judicata in the further proceedings.

3. SAME—REVIEW—PETITION TO REVISE.

   The decision of a district court reversing that of a referee finding that a bankrupt was guilty of fraud in a transaction does not necessarily involve a question of law so as to be reviewable on a petition to revise, where, so far as shown by the record, there may have been a conflict of testimony as to the facts.

   [Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

4. SAME—RIGHTS OF TRUSTEE.

   There exists no special trust relation between a bankrupt, and his creditors during the four months preceding the bankruptcy which entitles his trustee to avoid his transactions during that time on grounds other than those specified in the bankruptcy act.

5. SAME—EXEMPTIONS—ESTOPPEL TO APPEAL.

   The fact that a bankrupt accepted the benefit of an order of a referee, allowing him certain personal property exemptions, does not preclude him from appealing from a part of the same order relating to his homestead exemption.

On Petition for Review.

Charles West (Winfield Scott, on the brief), for petitioner.
James K. Beauchamp and R. L. Denton, for respondent.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge. This is a controversy between the bankrupt and the trustee over a tract of land in Garfield county, Okl., claimed by the former as a homestead. The referee found that the bankrupt purchased the land while insolvent and within the four months preceding the commencement of the bankruptcy proceedings, and that in doing so he used for part of the purchase price nonexempt property, with intent to cheat and defraud his creditors. The referee ordered that the land be set aside as a homestead, but subject to a charge in favor of the trustee for the amount and value of the diversion from nonexempt assets. Upon certification the District Court held the land to be a homestead free from the charge, and the trustee thereupon presented to this court a petition to revise in matter of law.

In the absence of a local rule to the contrary, and there is none in Oklahoma, the mere use by an insolvent of nonexempt funds or assets in acquiring a homestead does not make it subject to the claims of creditors. Assuming the rule to be otherwise when there is an intent to cheat and defraud creditors, it should be said that the existence of such intent was disputed in the case before us. The referee found it existed; the District Court, upon the same evidence, found it did not exist, for such is the effect of its general finding in favor of the bankrupt. Upon a petition to revise, questions of law can be considered, but not disputed questions of fact, and the inquiry here is, was there error of law in the proceedings below? As to this the trustee says:

1. That a fraudulent diversion of nonexempt assets in acquiring the homestead was charged by the creditors in the original petition as an act of bankruptcy, and the adjudication which followed rendered that fact res adjudicata, and, therefore, as matter of law, not to be further denied. Ayres v. Cone, 138 Fed. 778, 71 C. C. A. 144. But there were five other distinct acts of bankruptcy charged in the creditors' petition, and the record does not show upon which the adjudication proceeded; therefore the matter is at large. Russell v. Place, 94 U. S. 606, 24 L. Ed. 214; Ætna Life Ins. Co. v. Board of Com'rs, 117 Fed. 82, 54 C. C. A. 468. The adjudication in bankruptcy was in general terms, and it might well have been authorized by proof of any one or more of the other acts charged. The controversy here is not that in the original proceeding. The adjudication in bankruptcy stands admitted and uncontested, and, for aught the record shows, it may have proceeded upon a ground wholly disconnected from the acquisition of the homestead.

2. That the District Court did not disturb the finding of the referee that the bankrupt was guilty of fraud. Not so. All the evidence before the referee was certified to the court and examined by it de novo, with the result that the decision of the referee was reversed, and the land declared a homestead free of all claims of the trustee.

The conclusion of the court negatives the existence of fraud. All the evidence upon which the referee and the court acted is not before us, and we cannot say that they merely drew different legal deductions from undisputed facts. The record not showing to the contrary, there may have been a conflict in the evidence on the issue of fraud, and in that event a review could not be secured by petition to revise.

3. That the rule is that during the four months preceding the filing of a petition in bankruptcy the bankrupt holds his nonexempt property in trust for his creditors, and in case of breach of the trust the creditors or their representative—the trustee in bankruptcy—possess the usual remedies of cestuis que trust including the right to follow all such property wherever it can be discovered and identified in original or altered form. This is altogether a misconception. The bankrupt and his creditors sustain no such relation before the filing of the petition. Upon the appointment and qualification of the trustee, his title relates back to the time of the adjudication, and his rights and remedies as to property previously disposed of are definitely defined and limited by the bankruptcy act.

4. That, because the bankrupt accepted and disposed of two horses set off to him as exempt by the referee, he waived his right to complain of the referee's action as to the homestead. This contention is also erroneous. Though both matters were heard by the referee at the same time and were covered by the same order, they were wholly independent of each other. The case does not fall within the rule that an acceptance of the benefits of a decree or order precludes one from complaining of its burdens.

The petition to revise is denied.