Dinsmore agt. Adams.

## SUPREME COURT.

WILLIAM P. DINSMORE *et al.*, appellants and respondents, agt. ALVIN ADAMS *et al.*, appellants and respondents.

*Motion to open judgment and for leave to defend — laches, &c.*

The court will not, on affidavits to open a judgment, try the merits of a question involving the ownership of trust property. As against trustees, the courts are never disposed to deprive the beneficiary of his right to be heard.

The objection that more than one year has elapsed and that the court has no power to open a judgment, cannot prevail in all cases. There are powers above and beyond the Code that the court possesses, and in a proper case the court of equity possesses an undoubted right to give the relief asked...

The court will not favor parties who, having a knowledge of facts, lie by and neglect an opportunity to obtain their rights.

*First Department, General Term, July, 1875.*

CERTAIN defendants moved the court at special term for leave to come in and defend in this cause, in which judgment had been taken against them for want of an answer. The defendants were stockholders in the Adams Express Company, and the plaintiffs trustees of certain property of that company, the trust as to which, the suit was brought to close. The particular difference between the plaintiffs and defendants is the ownership of the Southern Express Company. The plaintiffs claim that certain notes they held were for the *bona fide* sale of the property of the Adams Express Company in the southern states at the commencement of the war. The defendants contend that the notes were a mere cover for the property, and that the South-

ern Express Company stock, really amounting to a large sum, should be accounted for, and that, when the accounting took place, it really was theirs.    On the attention of the plaintiffs being called to this claim, and many years after the trust was created, they at once commenced a suit to end the trust.    All the defendants were informed that it was of a friendly nature, to settle up the trust, and with the complaint all the stockholders received a circular asking them to send authority to plaintiffs' attorneys to appear for them, but no sort of intimation was given in regard to what the plaintiffs claimed as to the Southern Express Company or the claims made against them on it.    The stockholders having faith in the trustees, sent them appearances, and the suit proceeded to judgment, which, as above stated, defendants asked to set aside, and be allowed to test the ownership of the property claimed by them.

DONOHUE, *J.* — These facts of the defendants are denied by the plaintiffs, but sufficient appears to show a case, as against trustees, to allow defendants to at least have a trial on that issue.    The court will not, on affidavits, try such questions (*Trascheris* agt. *Henriques*, 14 *How.*, 165 ; 14 *How.*, 131, 146).    As against trustees, the courts are never disposed to deprive the beneficiary of his right to be heard.

The objection is taken that more than one year has elapsed, and that the court has no power to open the judgment.    There are powers above and beyond the Code that the court possesses, and it seems to me that in a proper case the court of equity possesses an undoubted right to give the relief asked.

Another ground is taken that all of the plaintiffs are not served with notice of motion.    All of the plaintiffs were represented by counsel, and are expressly by counsel represented on the appeal and in the action generally (*Fol.* 886 *of the case*).    Sandford and Schumaker make affidavits, and their counsel were duly served with process, and there is nothing in the case to even infer injustice to them in acting

Dinsmore agt. Adams.

in a case where they themselves brought the suit, and have subjected themselves to the necessary consequences of the suit. To drive the parties to an independent action to settle the question is unnecessarily harsh when the case can be settled by the suit already in court.

The order was properly made allowing the defendants named in the order to come in and defend.

As to the others the facts present different questions. With a full knowledge of the facts and moves on these facts, the defendants to whom the relief was denied moved to open the case, and after a long delay withdrew their motion, and after that accepted a dividend. It is difficult to see how they can escape from an acquiescence in the judgment as to the property complained of. They had moved on the omission of the Southern Express Company stock, and after withdrawing the motion took a dividend of a share in the notes which plaintiffs claim was the consideration for that property and which defendants must have known was so considered in the judgment. They are again guilty of laches, the court will not favor parties who, having a knowledge of facts, lie by and neglect an opportunity to obtain their rights. The court below was correct in refusing the right to open the judgment to the defendant to whom the relief was refused.

Order affirmed.

DAVIS, P. J., and DANIELS, J., concurring.