McCrary, Circuit Judge.
After much consideration, I have reached the conclusion that the statute of Nebraska regulating the practice of the State Courts in determining applications for new trials, is not binding upon this Court when exercising its chancery jurisdiction. Our jurisdiction in chancery is not derived from or limited by State laws. The rules governing its exercise are the same in all the States, and are according to the practice of Courts of equity in the parent country as contradistinguished from Courts of law. It is a jurisdiction conferred by the Constitution of the United States and the acts of Congress, and if it could be controlled or varied by State legislation, it could be extinguished by the same authority. This proposition was strongly stated by the Supreme Court of the United States in the early case of Robertson v. Campbell, 8 Wheaton, 218, and has been since repeatedly recognized by that Court. It is true that the Federal Courts of equity usually follow by analogy State statutes of limitation, but they will not do. so if the effect of such a statute in any case is to limit their general chancery jurisdiction. Thus, although a State statute of limitations may make no exceptions in favor of a party who is prevented from suing by reason of a concealed fraud, yet Federal Courts of equity will enforce such an exception because it is a part of the chancery law as administered in those Courts, and which the statute cannot change. Johnson v. Roe, 1 McCrary, 162.
The present case might, perhaps, be decided upon this doctrine, for it is clearly established by the proof that the defendant, by its officers and agents, fraudulently suppressed the facts that the bonds in question had been regularly issued, sold for cash by defendant, and the proceeds used by defendant to build a school house, and they concealed these facts until they supposed it was too late for plaintiff to get relief; after which they disclosed them, and one of them has now sworn to them.
However this-may be, I think the statute above mentioned, if construed to mean that a bill in chancery cannot be filed in a Federal Court to set aside a judgment at law, upon any *16 ground, after one year from its rendition, would be an encroachment upon the equity jurisdiction of the Federal judiciary. Anciently, appeals to the Courts of chancery for relief against unconscionable judgments at law were frequent; but in modern times Courts of law are themselves authorized to grant new trials upon liberal terms; and this mode of relief is, in general, ample, so that the equity jurisdiction in such cases is seldom invoked. It nevertheless exists, and it is a mistake to say that it is simply co-extensive with the powers granted by statute to Courts of law. It more frequently begins precisely where the power of the law Courts ends.
The jurisdiction often depends upon the fact that the Court rendering the judgment is powerless to afford a remedy. I hold, therefore, that the limitation in the State statute which forbids the State Courts to grant new trials after one year, so far from being a limitation upon this Court, sitting in chancery, may be the very ground of our jurisdiction, especially where the facts which make it proper that the judgment be set aside have been fraudulently secreted until the year has passed.
It appears that even the State Courts of Nebraska, when sitting in chancery, disregard the limitation of one year. Thus, in the case of Horn v. Queen, 4 Nebraska, 108, the Supreme Court of that State, construing this very statute, held that where it be proper for a Court of law to grant a new trial, if the application had been made while that Court had the power, it is equally proper for a Court of equity to do so, if the application be made when the Court of law has no means of granting such trial. Certainly, if this be a sound rule for the government of the State Court, whose jurisdiction, both at law and in equity, is derived from State law, it is a fortiori the sound rule here.
That it is a general principle of equity law that a Court of chancery may decree a new trial after the Courts of law are barred from so doing, is abundantly established by authority. Hilliard on New Trials, 588, note a; Haskins v. Hattenbach, 14 Iowa, 314; Story’s Eq. Jur., Section 887; Fletcher v. Warren, 18 Vermont, 45; Colyer v. Langfort’s Adm., 1 A. K. Marshall, 237; Balance v. Loomis, 22 Ill., 82.
The order dismissing the bill must be set aside, and it is so ordered.