## HITT ET AL. v. CARR ET AL.

[No. 10,200.    Filed February 15, 1921.    Rehearing denied June 28, 1921.    Transfer denied February 2, 1922.]

1. COURTS.—*Courts of General Jurisdiction.*—*Inherent Powers.* —Courts of general jurisdiction possess inherent powers not created or conferred by statute. p. 501.

2. JUDGMENT.—*Judgment Obtained by Fraud, Accident or Mistake.*—*Equitable Relief against Enforcement.*—Whenever, by fraud, accident, mistake or otherwise, an unfair advantage has been obtained in a proceeding at law, and it is against conscience to make use of such advantage, a court of equity will restrain the party from making use of it, and, after judgment, any facts which prove it to be against conscience to execute such judgment, and of which the injured party could not avail himself in defense of the suit, will authorize the court to interfere by injunction and restrain the party from enforcing the judgment. p. 501.

3. JUDGMENT.—*Judgment Obtained by Fraud or Mistake.*— *Equitable Relief.*—*Absence of Remedy at Law.*—Courts will not exercise their inherent powers to restrain the enforcement of a judgment obtained by fraud, accident or mistake, unless it appears that the aggrieved party is without an adequate remedy at law, and that the wrong of which he complains could not have been prevented by the use of reasonable diligence on his part, and that he has been diligent in seeking relief. p. 502.

4. JUDGMENT.—*Fraud.*—*Complaint.*—*False Testimony.*—Where the holders of the record title to land obtained a judgment quieting title thereto as against certain persons claiming an interest therein, and a defendant in that suit subsequently instituted an action to quiet title to the same land and judgment was rendered in her favor, and such holders of the record title then filed suit to obtain relief against such adverse judgment, an allegation in their complaint that such defendant in her action denied, in a pleading filed therein, that she was served with a summons in the action first instituted, and that she was a defendant therein, *held* insufficient as a charge of fraud in the procurement of the judgment in her favor; and if she committed perjury by making such denial under oath as a witness in her action, that fact would not be sufficient to warrant equitable relief against the judgment in her favor. p. 502.

5. JUDGMENT.—*Equitable Relief against.*—*Failure of Clerk to Make Complete Record of Proceedings.*—*"Accident."*—*Statutes.*

The failure of the clerk of a circuit court to make a complete record of the proceedings in an action to quiet title to land, as required by §9415 Burns 1914, §5845 R. S. 1881, and to carefully preserve all the papers therein, was a failure to discharge an official duty, and where such failure resulted in loss to present plaintiffs by depriving them of a defense in an action to quiet title to the same land, it was an "accident" as to them within the meaning of that term considered as the basis of equitable relief against a judgment; an "accident" being an unforeseen and unexpected event, occurring external to the party affected by it, and of which his own agency is not the proximate cause, whereby, contrary to his own intention and wish, he loses some legal right, or becomes subjected to some legal disability, and another person acquires a corresponding legal right, which it would be a violation of good conscience for the latter person, under the circumstances, to retain. p. 503.

6.   PARTIES.—*Designation.—Complaint.—Caption.—Averments.*— Where a complaint fails to disclose any attempt to state a cause of action in favor of plaintiff in a representative capacity, but seeks to state a cause of action in her favor in her personal capacity, any reference made to her representative capacity in the caption of the complaint will be disregarded, since the capacity in which a party sues is to be determined, not from the caption of the complaint, but from the allegations in the body thereof. p. 505.

7.   JUDGMENT.—*Judgment Procured by Accident.—Equitable Relief against.—Complaint.—Sufficiency.—Presumptions.*—Where the holders of the record title to land obtained a judgment quieting title thereto as against certain persons claiming an interest therein, and a defendant in that suit subsequently instituted an action to quiet title to the same land and judgment was rendered in her favor, the complaint in an action by the holders of the record title to enjoin the enforcement of the adverse judgment as having been procured through accident, in that, because of the failure of the clerk of the court to make a record of the proceedings in the first action, and to preserve the papers therein, as required by law, the summons against defendant therein and in the present case, and the return thereon, was lost, thereby depriving plaintiffs of a defense against her action, though alleging merely the service of summons by the sheriff, *held* not insufficient as failing to show what, if any, return was made to the summons, or, if return was made, what its contents were, in view of the presumption that the sheriff discharged his duty and made a due return to the summons, and the further presumption, appli-

cable under the facts, that the return that summons was served on defendant stated the truth in that regard.  pp. 506, 507.

8.  EVIDENCE.—*Pleading.—Sufficiency.—Performance of Official Duties.—Presumptions.*—The general presumption is that an official does not act contrary to his official duty, and omits no act which his duty requires, which rule applies to the official duties of sheriffs, and is available to a party in sustaining a pleading as well as in determining the sufficiency of the evidence on the trial.  p. 507.

9.  EVIDENCE.—*Presumptions.—Countervailing Presumptions.*— Whenever presumptions arise they abide until facts proved to the contrary nullify them, but one presumption may be overcome by a countervailing presumption.  p. 508.

10.  PROCESS.—*Service of Summons.—Identity of Person Served. —Parol Evidence.—Admissibility.*—In an action to enjoin the enforcement of a judgment claimed to have been procured by mistake, where the complaint alleged that D. C. was a defendant in a prior action but that she was designated as R. C. in the complaint filed therein, and the entries made in the prior case, which were set out in the complaint, showed that a summons was issued and served on all defendants therein, except one, it was competent to introduce parol evidence to establish the identity of the person served, regardless of the name by which she was designated in the complaint, not for the purpose of contradicting the return, but to make it certain, and it was properly shown that a deputy sheriff who served summons on the person discovered that the correct name of the defendant intended was D. C., and not R. C., and that he wrote the name D. above the name R. in the summons prior to serving it.  p. 509.

11.  WORDS AND PHRASES.—*"Due Diligence."*—Due diligence is the diligence that a reasonably prudent person would exercise under like circumstances, or in the conduct of his own affairs; but such diligence does not mean doing everything possible in a particular case, but only everything reasonable. p. 510.

12.  JUDGMENT.—*Judgment Procured by Accident.—Equitable Relief.—Complaint.—Sufficiency.—Due Diligence.*—In an action to enjoin the enforcement of a judgment as procured by accident, in that the clerk failed to preserve the summons against defendant in a prior action and to keep any record of a return thereon, complaint *held* not deficient as failing to show due diligence on part of plaintiffs to prove the contents of the return to the lost summons by parol evidence; it being alleged in the complaint that plaintiffs attempted to find the officer who served such summons.  pp. 510, 511.

13. EVIDENCE.—*Judicial Notice.—Process Issued from Circuit and Superior Courts.—Service by Sheriff.*—The court on appeal judicially knows that the sheriff of Lake county, at the time a summons in question was served, was required to serve processes issuing from both the circuit and superior courts in that county. p. 511.

14. JUDGMENT.—*Equitable Relief against.—Statutes.—Powers of Court.*—Courts of equity are not restricted in the exercise of their powers as to granting relief against judgments procured by accident by general statutory provisions relating to the granting of new trials and reviewing judgments; and, during the statutory periods within which such actions may be brought, courts of law and courts of equity have concurrent jurisdiction, but, under the rule that the latter will not grant relief where the former have jurisdiction to do so, courts of equity will not assume jurisdiction during such statutory periods. p. 512.

15. JUDGMENT.—*Judgment Procured by Accident.—Right to Equitable Relief against.—Default of Clerk.—Legal Remedy.* —In an action to enjoin the enforcement of a judgment as procured by accident, in that, through the failure of the clerk to make a record of the proceedings in a prior action, and to preserve a summons therein, plaintiffs were deprived of a defense to the action in which such judgment was rendered, plaintiffs were not precluded from equitable relief against such judgment on the ground that they had an adequate legal remedy against the clerk for failure to discharge his official duty in making up the record. p. 514.

16. JUDGMENT.—*Equitable Relief against.—Complaint.—Sufficiency.—Construction.*—In an action for equitable relief against a judgment as procured by accident, in that, through the failure of the clerk of the court to keep a record of the proceedings in a prior action and to preserve the papers therein, the summons against a defendant therein was lost, thereby depriving defendant of a defense in the action in which the judgment complained of was rendered, the complaint *held* not insufficient for failure to aver that the efforts made by plaintiffs to obtain evidence that defendant was in fact a defendant in such prior action were unavailing, or that they did not know the contents of the return of such summons and were unable to prove contents thereof by parol evidence. pp. 515, 516.

17. PLEADING.—*Complaint.—Sufficiency.—Construction.—Inferences.*—The court, in determining the sufficiency of a complaint as against demurrer, will consider in connection with the facts expressly alleged, such further facts as can be im-

plied therefrom by fair and reasonable intendment, and give such facts so impliedly averred the same force and effect as if directly stated. p. 516.

18. PLEADING.—*Complaint.—Sufficiency.—Relief against Judgment on the Ground of Accident.—Right to Continuance.—Presumptions.*—In determning the sufficiency of a complaint for equitable relief against a judgment as procured through accident, the court on appeal cannot presume that the answering defendants in the prior case in which the judgment was rendered had any information which would entitle them to a continuance, in the absence of any allegations in the complaint showing that they had any grounds on which to base an application for a continuance. p. 517.

19. APPEAL.—*Review.—Complaint for Equitable Relief.—Sufficiency.—Negligence.—Presumptions.*— In an action for equitable relief against a judgment on the ground that it was procured through accident, where the complaint fails to show that plaintiffs were negligent in specified particulars, the court on appeal cannot assume that such negligence existed as a basis for holding the complaint insufficient. p. 517.

20. JUDGMENT.—*Default.—Conclusiveness.*—A judgment by default is not to be discredited by reason of the manner in which it was taken, as it is just as binding as one otherwise rendered. p. 518.

21. JUDGMENT.—*Neglect of Public Officer.—Loss of Rights.—Relief.*—Where a party, in the prosecution of a right, does everything which the law requires him to do, and he fails to attain that right wholly by the neglect of an officer charged with a public duty with respect thereto, he will be protected, as by equitable relief against a judgment procured through accident because of an officer's failure to discharge his duties as required by law. p. 519.

22. OFFICERS.—*Clerk of Court.—Performance of Duties.—Presumptions.*—A party to an action has no control over the clerk of the court and is not required to see that he discharges his duty, and a party has a right to presume that such officer will do his duty by keeping available for use such records and papers as are required by law to be preserved by him. p. 521.

From Laporte Superior Court; *H. L. Crumpacker,* Judge.

Action by Rosa M. B. Hitt and others against Drusilla Carr and others. From a judgment for defendants, the plaintiffs appeal. *Reversed.*

*Rabb, Mahoney & Fansler, Leander J. Monks* and *John R. Cochran,* for appellants.

*E. D. Crumpacker, Grant Crumpacker, Owen L. Crumpacker, Henry Warrum, Everett G. Ballard, U. Z. Wiley* and *Felt & Forney,* for appellees.

BATMAN, J.—This is an action by appellants against appellees, seeking relief from a judgment quieting the title of appellee Drusilla Carr to certain real estate, as against appellants Rosa M. B. Hitt and William Winchester Hall and one Arza B. Hitt, from whom appellant Anna M. H. Hitt derives her title. The express averments of the complaint, which is in a single paragraph, when considered in connection with the reasonable inferences to be drawn therefrom, disclose the following facts. On August 28, 1903, and for many years prior thereto, one Mary H. B. Hitt and appellant William Winchester Hall, both of whom were non-residents of the State of Indiana, were the owners in fact and of record, by a regular chain of conveyances from the government of the United States, of all that part of section 31 lying north of the Indian boundary line, and west of the Grand Calumet river, in township 37 north, range 7 west, in Lake county, Indiana, containing 64.50 acres more or less. Said land was a waste of sand and sloughs, incapable of producing any sort of vegetation, and had never been cultivated in any manner, but said owners had always paid the taxes thereon since acquiring the title thereto. On said August 28, 1903, the said Hitt and Hall, having discovered that certain persons, including Drusilla Carr and her two sons, had occupied a portion of said land as squatters in small buildings, commonly called "shacks," during the fishing seasons, they commenced an action in the Lake Circuit Court against Seward Lightner and others to quiet their title to said land, and made said Drusilla Carr a party de-

fendant thereto, but named and described her in the complaint in said action as Rosela Carr. On said date a summons was duly issued by the clerk of said court, directed to the sheriff of said county, commanding him to summon each of the defendants named in said complaint. On or about September 11, 1903, said sheriff, by one of his deputies, served said summons personally upon said Drusilla Carr, she being one of the appellees in this action. On December 14, 1905, said Lake Circuit Court made a record in said cause under a caption in which the name Rosela Carr appeared as a defendant, and the name Drusilla Carr did not appear, reciting that by the summons issued therein, and the return of the sheriff thereto, it appeared that all of the defendants in said cause, except Rodman Castle, had been duly served with process therein at least ten days before the first day of the term, and that the cause was dismissed as to said Castle. On March 7, 1907, a further record was made in said cause under a like caption reciting that the defendants, having been served with process as theretofore shown, and failing to appear, were duly called but wholly made default, and that the cause was thereupon submitted to the court for trial; that a finding was made that the plaintiffs were the owners of said real estate and that the defendants had no interest therein. Said record further discloses that a judgment was rendered on said finding, quieting the title of said Hitt and Hall to said real estate against all of the defendants in said action. Said judgment has never been set aside, modified or reversed, and is now, and has been continuously since March 7, 1907, in full force and effect. The clerk of the Lake Circuit Court did not enter in the final record book in his office, nor in any other book therein, a complete record of the proceedings in said cause within one month after the final determination thereof, nor at any other time, nor did said clerk at

any time record the complaint, summons or return thereto, or any other pleading or paper filed in said cause, and made no record of any part of the proceedings therein except as stated above. In the year 1909, appellant Rosa M. B. Hitt and one Arza B. Hitt became the owners of the interest of the said Mary H. B. Hitt in said real estate by successive deeds of conveyance which were duly recorded. The said Arza B. Hitt subsequently departed this life testate leaving his interest in said real estate to his wife the appellant Anna M. H. Hitt as his sole devisee, and to whom letters testamentary were issued by a probate court in the State of Texas, pursuant to the provisions of the will of said decedent. On April 21, 1908, the said Drusilla Carr filed a suit against said Mary H. B. Hitt and said William Winchester Hall to quiet her title to said real estate, but the same was afterwards dismissed by her on February 16, 1911, without a trial being had. On the same day said cause was dismissed she began another suit against the said Hitt and Hall for the same purpose, and to which other persons were also made defendants. The said Rosa M. B. Hitt and Arza B. Hitt entered their appearance in said cause, and with the said William Winchester Hall filed separate and several answers to the complaint therein, each consisting of three paragraphs. The first paragraph of each was a general denial, the second paragraph of each was a plea of former adjudication based on the judgment in said action of Hitt and Hall v. Lightner and others, and the third paragraph of each was a disclaimer of any interest as to the other real estate not involved in the present action. One Mary E. Mathieu, who was also a defendant in said action, filed two affirmative paragraphs of answer to the complaint, the first of which was identical with the second paragraph of each of the answers mentioned above. She also filed a cross-complaint against

the said Drusilla Carr by which she sought to quiet her title to certain real estate described in the complaint. Issues were duly joined on said affirmative paragraphs of answer and on said cross-complaint by general denials. The issues formed by said pleadings were submitted to a jury for trial, resulting in a verdict in favor of the said Drusilla Carr, and on which the court, on May 17, 1912, rendered a judgment quieting her title to said real estate against all the defendants in said action. On the trial of said cause said Drusilla Carr did not introduce in evidence any instrument in writing of any kind, conveying or purporting to convey said real estate to her, and did not claim or attempt to prove that she had any right or title to, or interest therein, except that by reason of her occupancy thereof for more than twenty years prior to the commencement of said action, under a claim of right and color of title, she had acquired title to said real estate by adverse possession. On said trial the answering defendants made proof of the loss of the summons in said cause of Hitt and Hall v. Lightner and others. They then attempted to introduce in evidence an abstract of the title to said real estate completed about July 9, 1906, which showed that the summons issued in said cause last named had been served on said Drusilla Carr on September 11, 1903, but said abstract was excluded by the court for the sole reason that the witness who testified that he had made the same, was unable to state positively that he remembered having compared the abstract with the original summons in said cause. Thereupon said defendants offered in evidence duly certified copies of the two orderbook entries in said cause of Hitt and Hall v. Lightner and others made on December 14, 1905, and March 7, 1907, respectively, as stated above, but the same were excluded by the court on the sole ground that it did not appear therefrom, that the said Drusilla Carr was a

party thereto. On the trial of said cause, there was no other evidence, either oral or documentary, introduced or offered; as to the return to the summons issued in said cause of Hitt and Hall v. Lightner and others, or to show that said summons was served on Drusilla Carr. The answering defendants in the cause of Carr v. Hitt, Hall and others first learned of the pendency of an action against them by said Drusilla Carr to quiet her title to the real estate in question on or about January 1, 1909. They immediately employed attorneys to represent them in said matter, and to make preparations to defend against any claim she might attempt to assert with reference thereto. They made, and caused others to make diligent search for the papers in said cause of Hitt and Hall v. Lightner and others, including the summons issued therein, in the office of the clerk of said Lake Circuit Court, in the office of the sheriff of said Lake county, in the offices of said abstracter of titles, and of the attorney for the plaintiffs in said cause, but were unable to find the same. Following this failure they made diligent efforts to find other evidence by which the contents of the return to said summons could be shown, and to that end interviewed the person who was sheriff of said county, at the time said summons was served, and learned from him that he had no recollection with reference thereto. They ascertained from him that the names of the persons who had acted as his deputies during his term of office were John C. Agnew, Albert R. Morris and L. H. Kilbourn. Their said attorneys thereupon interviewed each of said persons in a furtherance of their effort to ascertain the facts in question, but to no avail. After making said efforts, said answering defendants and their said attorneys were compelled to go into a trial of said cause of Carr v. Hitt, Hall, and others, without any knowl-

edge of the contents of the return to the summons in the
case of Hitt and Hall v. Lightner and others, except that
shown by said abstract, and without any knowledge as
to who served said summons, and were without any
such knowledge prior to the month of July, 1915. The
said answering defendants in the cause last named duly
prosecuted an appeal from the judgment rendered
therein, which was affirmed by the Appellate Court on
August 21, 1915. A petition for the transfer of said
cause to the Supreme Court was denied on January 7,
1916, and a petition to set aside such order of denial
was made on March 6, 1916. The first information
which the answering defendants in the cause of Carr v.
Hitt, Hall and others obtained with reference to the
person who served the summons in the case of Hitt and
Hall v. Lightner and others was obtained in July, 1915,
when they learned, as they were preparing a petition
for a rehearing in the Appellate Court in said former
case, that said John C. Agnew had, in fact, served said
summons, and had offered to so testify in the case of
Carr v. Halliday. On June 8, 1916, after the final ac-
tion of the Supreme Court in the case of Carr v. Hitt,
Hall and others, as above stated, had been taken, the
answering defendants therein obtained an affidavit from
the said John C. Agnew, which contains in substance,
among other things, the following: "I was deputy
sheriff of Lake County in 1903. In the latter part of
August or the first part of September of that year, I
found in the sheriff's drawer in the clerk's office, where
all processes to be served were placed, a summons in a
suit in which Hitt and Hall were plaintiffs and Seward
Lightner and others were defendants. As I was going
from the clerk's office to the sheriff's office I met in
the corridor Mr. Lightner who was the treasurer of
Lake county. I told him I had the summons, and as
he had come from Hobart, and was well acquainted in

that locality, I asked him who the other defendants were. Among the defendants was one named Rosela Carr. He told me that was not her correct name, but that her name was Drusilla Carr, and that she lived out on the beach near Miller. I then wrote the name 'Drusilla' above the name 'Rosela' in the summons, as I had been instructed to do by the sheriff, where I found the name of any party in a process spelled incorrectly. I drove from Crown Point to Miller, and then on over to the beach. When I came near the lake I stopped at a house east of the road, but there was apparently no one there at the time. I wrote out a copy of the summons in the case of Hitt and Hall v. Lightner and others, and as I was completing the same, two women came up. I asked them if either was Mrs. Drusilla Carr, and one of them said, 'No, I'm not, but the other lady is.' Both women acted as if they were somewhat afraid of me. I then told them that I was a deputy sheriff, and that I had a summons to serve on Mrs. Drusilla Carr and others. I then looked at the other woman in an inquiring way, and she nodded her head, indicating to me that she was Mrs. Drusilla Carr. I then read to her the original summons and gave her the copy I had made out. Mrs. Carr asked me what the summons meant, and I told her Mr. Lightner had said that Hitt and Hall had brought this suit against a number of people about the land there." In addition to these statements, the affidavit recites certain facts relative to two attempts which one of the attorneys for appellants had made some time prior thereto to ascertain if he had served the summons in question, and his failure to impart such information, together with his reasons therefor, and an explanation as to how it was that his memory had been refreshed about the matter. It is alleged in the complaint herein, in addition to the facts above recited, that the answering defendants in

said cause of Carr v. Hitt, Hall and others, and their attorneys made every effort within their power, prior to and during the trial of said cause, to obtain evidence to show that Drusilla Carr was in fact a defendant in said suit of Hitt and Hall v. Lightner and others, and was served with summons therein; that they made diligent inquiry of every person who could possibly know anything about said facts; that at no time prior to May 17, 1912, when the judgment in the case of Carr v. Hitt, Hall and others was rendered, did either of the answering defendants therein, or their respective attorneys know that on September 11, 1903, the said John C. Agnew, then deputy sheriff of Lake county, had personally served the summons issued in the case of Hitt and Hall v. Lightner and others on Drusilla Carr, appellee herein, and delivered to her a true copy thereof; that the said Drusilla Carr, in her suit against said Hitt, Hall and others, denied that she was a defendant in said cause last above named, and that she was served with summons therein; that the said Drusilla Carr had not acquired any interest of any kind in the said real estate involved in this action since the rendition of said judgment on May 17, 1912, in her cause against Hitt, Hall and others, and that the only claim she makes to any right or title thereto or interest therein is based solely on said judgment and not otherwise; that by reason of the inability of said answering defendants in said cause of Carr v. Hitt, Hall and others, to prove that said summons, in the case of Hitt and Hall v. Lightner and others, was in fact served upon the said Drusilla Carr, and by reason of her false denial that she was a defendant in said action, and was served with summons therein, the said Drusilla Carr has, without their fault or negligence, obtained an unfair, unjust, inequitable and unconscionable advantage of appellants, which in equity and good conscience she ought not to longer retain; that

the said Lake Circuit Court is a court of general juris-
diction, and the judgment and decree rendered in said
cause of Hitt and Hall v. Lightner and others was a
final and solemn adjudication and determination, that
said Mary H. B. Hitt and William Winchester Hall were
the owners, and that said Drusilla Carr was not the
owner of the said real estate; that said judgment and
decree ought to be given full force and effect, and the
defendants herein ought to be enjoined and restrained
from asserting or claiming any right, title or interest
in said property by virtue of the judgment heretofore
rendered in the case of Carr v. Hitt, Hall and others;
and that the appellants are entirely without any remedy
in the premises, except in a court of equity. The com-
plaint is duly verified, and is accompanied by affidavits
made a part thereof in support of the facts alleged
therein. A demurrer was filed to the complaint which
was sustained, and appellants refusing to plead further,
judgment was rendered against them for costs, and that
they take nothing by their complaint. The action of the
court in sustaining said demurrer is the only error as-
signed on appeal.

The questions presented by this appeal for our deter-
mination relate to the power and duty of the court to
grant relief under the facts stated in the com-
1, 2. plaint. It is well settled that courts of general
jurisdiction possess inherent powers not created
or conferred by legislative enactment. *Nealis* v. *Dicks*
(1880), 72 Ind. 374; *Weiss* v. *Guerineau* (1886), 109
Ind. 438, 9 N. E. 399; *Cicero Tp.* v. *Picken* (1890), 122
Ind. 260, 23 N. E. 763. The Supreme Court of this
state has recognized the existence of such powers, and
has held that whenever, by fraud, accident, mistake or
otherwise, an unfair advantage has been obtained in a
proceeding at law, and it is against conscience to make
use of such advantage, a court of equity will restrain

the party from making use of· the same; and after judgment, any facts which prove it to be against conscience to· execute such judgment, and of which the injured party could not avail himself in defense of the suit, will authorize the court to interfere by injunction, and restrain the party from enforcing the judgment.    *Walker* v. *Heller* (1882), 90 Ind. 198; *Ratliff* v. *Stretch* (1892), 130 Ind. 282, 30 N. E. 30; *Ross* v. *Banta* (1895), 140 Ind. 120, 34 N. E. 865, 39 N. E. 732.    This is in accord with the decisions in other jurisdictions.    *Marine Ins. Co.* v. *Hodgson* (1813), 7 Cranch. 332 (U. S. Sup.), 3 L. Ed. 362; *Hibbard* v. *Eastman* (1867), 47 N. H. 507, 93 Am. Dec. 467; *Vennum* v. *Davis* (1864), 35 Ill. 568; *McGehee* v. *Gold* (1873), 68 Ill. 215; *Handley* v. *Jackson* (1897), 31 Ore. 552, 50 Pac. 915, 65 Am. St. 839; *Laun* v. *Kipp* (1914), 155 Wis. 347, 145 N. W. 3. 183, 5 A. L. R. 655.    The courts, however, exercise such power with reluctance, and will never do so, unless it appears that the aggrieved party is without an adequate remedy at law, and that the wrong of which he complains could not have been prevented by the use of reasonable diligence on his part, and that he has been diligent in seeking relief.    15 R. C. L. 730; 16 Cyc 36; *Gregory* v. *Ford* (1859), 14 Cal. 138, 73 Am. Dec. 639; *Hecht* v. *O. & M. R. Co.* (1892), 132 Ind. 507, 32 N. E. 302; *Board, etc.* v. *Dickinson* (1899), 153 Ind. 682, 53 N. E. 929; *Hollinger* v. *Reeme* (1894), 138 Ind. 363, 36 N. E. 1114; *Ratliff* v. *Stretch, supra; Ross* v. *Banta, supra; Majors, Exr.,* v. *Craig* (1896), 144 Ind. 39, 43 N. E. 3.

Having determined that the court had the power to grant the· relief sought in a proper case, we must now consider whether it was its duty to do so under 4. the facts alleged.    The only fact averred in the complaint, which could be said to charge appellee Drusilla Carr with fraud in the procurement of the

judgment against which relief is sought in this action, is that in the suit in which such judgment was obtained, that she denied that she was served with summons in said suit of Hitt and Hall v. Lightner and others, and that she was a defendant therein. The mere fact that she made such denial, in a pleading filed in making the issues in said case, would not be sufficient ground upon which to base a charge of fraud, but if the averments in that regard be construed to mean that she made such denial under oath as a witness on the trial of said cause, the most that can be said is that she committed perjury in so doing. This, however, under the facts alleged, would not entitle appellants to the relief sought. *Pepin v. Lautman* (1901), 28 Ind. App. 74, 62 N. E. 60; *Friebe v. Elder* (1914), 181 Ind. 597, 105 N. E. 151.

Appellants in their complaint do not base any right on a mistake, but assert that the failure of the clerk of the Lake Circuit Court to make a proper and complete record of the proceedings in the case of Hitt and Hall v. Lightner and others, and in permitting the papers forming a part of the record therein to become lost or destroyed in so far as such acts of omission affected the rights of appellants, was an "accident," from the consequences of which they are entitled to equitable relief under the facts alleged. It appears from §9415 Burns 1914, §5845 R. S. 1881, that since the title to real estate was involved in said cause, it was clearly the duty of said clerk within one month after the final determination thereof to enter in a proper record-book of said court a complete record of the proceedings therein, and, as was his duty in all causes to carefully preserve all records made, and papers filed in his office pertaining thereto. The pleadings filed in said cause were a part of the record therein. The summons issued on the complaint, and the return of the sheriff thereto, were also a part of the record in said

cause, and as to all defendants against whom judgment was rendered on default, they were an essential part thereof. *Miles* v. *Buchanan* (1871), 36 Ind. 490; *Woods* v. *Brown* (1884), 93 Ind. 164, 47 Am. St. 369; *Debs* v. *Dalton* (1893), 7 Ind. App. 84, 34 N. E. 236; *Wilkinson* v. *Delaware, etc., R. Co.* (1885), 23 Fed. 562. Such summons and return, therefore, should have been made a part of the complete record in said cause in pursuance of the provisions of said §9415, *supra,* and had this been done, it would have shown service on appellee Drusilla Carr according to the averments of the complaint. The failure of the clerk of the Lake Circuit Court to make a complete record in said cause, and to carefully preserve the papers therein, as alleged, was a failure to discharge an official duty, and if such failure resulted in loss to appellants by depriving them of a defense in a subsequent action, involving the title to the same real estate, it would clearly be an accident as to them within the meaning of that term, when considered as the basis of equitable relief, as indicated by the following definition: "Accident is an unforeseen and unexpected event, occurring external to the party affected by it, *and of which his own agency is not the proximate cause,* whereby, contrary to his own intention and wish, he loses some legal right or becomes subjected to some legal liability, and another person acquires a corresponding legal right, which it would be a violation of good conscience for the latter person, under the circumstances, to retain." 2 Pomeroy, Eq. Jurisp. (2d ed.) §823. This definition has been quoted with approval in the following cases; *Gotthelf* v. *Stranahan* (1892), 19 N. Y. Supp. 161; *Lott* v. *Kaiser* (1884), 61 Tex. 665; *Kopper* v. *Dyer* (1887), 59 Vt. 477, 9 Atl. 4, 59 Am. St. 742.

Appellees, however, offer a number of reasons in support of their contention, that the complaint does not

state a cause of action, even if the court should
6.  hold that the failure to make a complete record,
    and the loss of the papers in said cause consti-
tute an accident that might be made the basis of equi-
table relief.  The first assert that Anna M. H. Hitt is
a party plaintiff in this action in her representative ca-
pacity as executrix of the last will and testament of
Arza B. Hitt, deceased; that the complaint fails to state
a cause of action in her favor in such representative
capacity; and therefore the court did not err in sustain-
ing a demurrer thereto.  In support of this contention
they cite the rule, that in a complaint in which several
parties join, it must be good as to all, or otherwise it is
not good as to any.  In this case appellant Anna M. H.
Hitt is named in the caption of the complaint as suing
in her own right and also in her said representative ca-
pacity, but the capacity in which a party sues is not to
be determined from the caption, but from  the allega-
tions in the body of the complaint.  *Ditton* v. *Hart*
(1911), 175 Ind. 181, 93 N. E. 961; *Williams* v.
*Dougherty* (1906), 37 Ind. App. 449, 77 N. E. 305;
*Taylor, Admr.,* v. *Fickas* (1878), 64 Ind. 167, 31 Am.
St. 114; *Funk* v. *Davis* (1885), 103 Ind. 281, 2 N. E.
739; *Tate* v. *Shackelford, Admr.* (1854), 24 Ala. 510,
60 Am. Dec. 488; *Smiley* v. *Finucane* (1911), 134 N. Y.
Supp. 59.  An examination of such allegations fails to
disclose any attempt to state a cause of action in favor
of said appellant in her representative capacity, but an
attempt is made to state a cause of action in her favor
in her personal or individual capacity.  Under these
circumstances any reference made to her representative
capacity in the caption of the complaint will be disre-
garded.  *Morrow, Trustee,* v. *Shober* (1898), 19 Ind.
App. 127, 49 N. E. 189; *Carmichael* v. *Arms* (1912), 51
Ind. App. 689, 100 N. E. 302; *Marion Bond Co.* v. *Mexi-
can, etc., Co.* (1912), 160 Ind. 558, 65 N. E. 748; *Guyer*

v. *Union Trust Co.* (1914), 55 Ind. App. 472 (490), 104 N. E. 82.

Appellees contend that the complaint is insufficient because it does not appear from its averments what, if any, return was made to the summons alleged to have been issued in the case of Hitt and Hall v. Lightner and others, or if a return was made, what its contents were. They assert that the return is the all-important thing, and since it is alleged that the summons and return are lost, and no record thereof was made, and it is not made to appear that any witness can be had by whom the contents of such return, if one was made, can be shown, an essential element of a sufficient complaint is absent. We do not concur in this contention. While it must appear, as a basis for the relief sought in this action, that appellee Drusilla Carr was served with process in the case of Hitt and Hall v. Lightner and others, and that the sheriff made a return to the summons showing such fact, before the failure to make the complete record and the loss of the papers in said cause, as alleged, could be considered an "accident" affecting the rights of appellants, all of such facts, however, need not be directly alleged, but some may be supplied by presumption. It is alleged that appellee Drusilla Carr was made a defendant in said cause, but was named and described in the complaint therein as Rosela Carr; that a summons was duly issued to the proper sheriff, commanding him to serve each of the defendants named in said complaint; that said sheriff, by one of his deputies, personally served said summons on appellee Drusilla Carr, by reading the same to her and delivering to her a true copy thereof. There is no allegation, however, that any return was made to the said summons, or as to its contents, if one was made. But, since it does not appear that no such return was made, the well settled rule relating to presumptions may

be applied.   This rule is, that public officials are presumed to have discharged their duty.   *Town of Cicero* v. *Lake Erie, etc., R. Co.* (1912), 52 Ind. App. 298, 97 N. E. 389; *Barnum* v. *Rallihan* (1916), 63 Ind. App. 349, 112 N. E. 561; *Spurrier* v. *Vater* (1916), 62 Ind. App. 669, 113 N. E. 732.   Or as sometimes

8. stated, the general presumption is that an official does not act contrary to his official duty, *and omits no act which his official duty requires.   In re Whitman* (1918), 225 N. Y. 1, 121 N. E. 479; *In re Marcellus* (1900), 165 N. Y. 79, 58 N. E. 796; *Mandeville* v. *Reynolds* (1877), 68 N. Y. 528.   This rule has been held to apply to the official duties of sheriffs.   22 C. J. 138, 140 and 143; *Mercer* v. *Doe* (1854), 6 Ind. 80; *Law* v. *Smith* (1853), 4 Ind. 56; *Banks* v. *Bales* (1861), 16 Ind. 423; *Ferrier* v. *Deutchman* (1882), 81 Ind. 390; *Wolfenberger* v. *Hubbard* (1915), 184 Ind. 25, 110 N. E. 198; *Morgan* v. *Lewis* (1916), 172 Ky. 813, 189 S. W. 1118.   In the case of *National Surety Co.* v. *Fry Co.* (1915), 86 Wash. 118, 149 Pac. 637, a writ of attachment was involved, and the court said:   "Its writ was delivered to the sheriff for the purpose of levy, together with the bond of indemnity, for his protection in making the levy.   It thereupon became the sheriff's duty to make the levy and, in the absence of proof to the contrary, there is a presumption that the officer performed his duty."   In the case of *Hawkins* v. *First Nat. Bank* (1915), (Tex.) 175 S. W. 163, a writ of sequestration was involved, and the court said:   "The presumption is that the officer did his duty and seized the property mentioned in the writ, unless it shall affirmatively appear therefrom that he did not do so."   In the case of *Elrod* v. *Carroll* (1918), (Mo.) 202 S. W. 4, the court had under consideration a question involving a sheriff's compliance with a statute, requiring the filing of an abstract in the recorder's office in an attachment

proceeding, and in the course of its opinion said: "The law required the sheriff to file the abstract aforesaid, and the trial court, in the absence of evidence to the contrary, had the right to presume that the sheriff had performed his duty in respect to above matter." See also the following, relating to the making of returns by sheriffs: 22 C. J. 141; *Slaughter* v. *Bevans* (1843), 1 Penny (Wis.) 348; *Webber* v. *Webber* (1858), 58 Ky. 18; *Anderson* v. *Sutton* (1866), 63 Ky. 480; *Conwell* v. *Watkins* (1874), 71 Ill. 488. This rule is available to a party in sustaining a pleading, as well as in determining the sufficiency of the evidence on the trial. 31 Cyc 48; *Drum* v. *Stevens* (1884), 94 Ind. 181; *Indianapolis St. R. Co.* v. *Ray* (1906), 167 Ind. 236, 78 N. E. 978; *Angola R., etc., Co.* v. *Butz* (1912), 52 Ind. App. 420, 98 N. E. 818. It is also well settled that whenever presumptions arise, "They abide until facts proved to the contrary make them take flight." *Gass* v. *Evans* (1912), 244 Mo. 329, 149 S. W. 628; *Louisville, etc., R. Co.* v. *Thompson* (1886), 107 Ind. 442, 8 N. E. 18; *Steinkuehler* v. *Wempner* (1907), 169 Ind. 154, 81 N. E. 482, 15 L. R. A. (N. S.) 673; *Welty* v. *State* (1912), 180 Ind. 411, 100 N. E. 73. One presumption, however, may be overcome by a countervailing presumption. *Adams* v. *Slate* (1882), 87 Ind. 573. But there is no sufficient ground for the application of such rule in the instant case. Applying the rule we have been considering, to the facts alleged in the complaint in the instant case, we must give effect to the presumption that a proper return to the summons, alleged to have been issued in the case of Hitt and Hall v. Lightner and others, was duly made, and since the identity of the person served may be shown by parol evidence, and it is alleged and shown by affidavit, that the summons was served on Drusilla Carr, effect must be given to the further presumption that

such return stated the truth in that regard by showing such fact. These presumptions, considered in connection with the facts specifically alleged, make it apparent, that appellees' contention, as to the absence of the essential element stated, is not well taken.

Appellees assert that the only evidence that would be competent to establish the fact that Drusilla Carr was a defendant in the case of Hitt and Hall v. Lightner and others would be evidence of the contents of the return to the summons issued therein, as all parties are bound thereby; and since there is neither allegation nor showing that such evidence can be had, the complaint is insufficient. What we have said in considering the last question determined, clearly indicates that appellees cannot be sustained in this contention. We may add, however, that the complaint alleges that Drusilla Carr was a defendant in said action, but that she was designated as Rosela Carr in the complaint filed therein. Also that the entries made in said cause, and set out in the complaint herein, show that a summons was issued and served on all the defendants therein, except Rodman Castle. Under these circumstances it would be competent to introduce parol evidence to establish the identity of the person served, regardless of the name by which she was designated in the complaint, not for the purpose of contradicting the return, but for the purpose of making the same certain. 32 Cyc 514; *Fowler* v. *Stebbins* (1905), 136 Fed. 365, 69 C. C. A. 209; *Reid, etc., Co.* v. *Mercurio* (1902), 91 Mo. App. 673; *Slingluff* v. *Gainer* (1901), 49 W. Va. 7, 37 S. E. 771. This being true, it would be proper to show by said John C. Agnew, as stated in his affidavit, that after receiving the summons issued in said cause, he discovered that the correct name of the person designated therein as Rosela Carr was Drusilla Carr, and that having discovered such fact, he wrote the name

"Drusilla" above the name "Rosela" in said summons, as he had been instructed by his principal to do in such cases, and then served the same on Drusilla Carr.    This fact being thus established, no direct evidence of the contents of the return to said summons would be required, as it would be presumed, not only that a return thereto was duly made, but also that it was so made as to speak the truth as above stated.    Such evidence, therefore, would be neither incompetent nor immaterial as appellees contend.

It is contended that the complaint is deficient because it does not show due diligence on the part of appellants to prove the contents of the return to the lost summons by parol evidence in the case of Carr v. Hitt, Hall and others.    Due diligence in law means doing everything reasonable, not everything possible.    *Cameron* v. *Lane & Husband* (1884), 36 La. 716; *State* v. *Scott* (1903), 110 La. 369, 34 South. 479.    Or, as sometimes stated, due diligence is the diligence that a reasonably prudent person would exercise under like circumstances, or in the conduct of his own affairs. *Tippecanoe Loan, etc., Co.* v. *Cleveland, etc., R. Co.* (1914), 57 Ind. App. 644, 104 N. E. 866; *Perry* v. *City of Cedar Falls* (1893), 87 Iowa 315, 54 N. W. 225; *Nixon* v. *Weyhrich* (1858), 20 Ill. 600; *Hamlin* v. *Reynolds* (1859), 22 Ill. 207; *Dillman* v. *Nadelhoffer* (1895), 160 Ill. 121, 43 N. E. 378.    Under this rule we do not consider the complaint deficient in the particular stated.    Sheriffs are authorized by law to appoint deputies who may perform all the official duties of their principals.    §9159 Burns 1914, §5569 R. S. 1881.    This would include the right to make returns to processes received by them for service.    In considering whether the acts alleged to have been done by appellants in an effort to sustain its answer of former adjudication in the case of Carr v. Hitt, Hall and others, constituted

due diligence, it should be borne in mind that said cause was not commenced until Feb. 16, 1911, more than seven years after the summons in the case of Hitt and Hall v. Lightner and others had been served. And we should also bear in mind, that at the time the summons in question was served, the sheriff of said Lake county, as we judicially know, was required to serve the processes issuing from both the circuit and superior courts therein, the first being located at Crown Point and the latter at Hammond. When we consider these facts in connection with the large number of processes that were probably issued from said courts, and served by the several deputies, who, it is reasonable to presume, made the returns to the processes served by them, we readily conclude that appellants were justified in believing that the only way in which they could make secondary proof of the return in question, was to find the officer who served the summons. The reasonableness of such belief is made more apparent when we consider that said sheriff and all his deputies had been out of office over four years when it was first brought to the knowledge of appellants that it would be necessary to make proof of such return by secondary or indirect evidence. It appears from the complaint that appellants exercised reasonable diligence to discover some witness, who could give such evidence, by seeking to find the officer who served said summons, and to that end causing the then sheriff of said county and his several deputies to be interviewed with reference to such matter, but to no avail. Appellees suggest other persons who might have been interviewed in that regard, but this could only be rightfully urged in support of a claim that they should have done everything *possible* in their efforts to discover such evidence, rather than everything *reasonable*.

Appellees contend that the relief sought by the complaint in this action is a new trial in the case of Carr v. Hitt, Hall and others, and since it shows on its face that the present suit was commenced more than four years after the judgment in said former case was rendered, it fails to state a cause of action. They base this contention on a claim that the statutes of this state, relative to the granting of new trials, have abrogated the jurisdiction which appellants are now seeking to invoke. The facts alleged fail to sustain appellees in their contention as to the theory of the complaint under consideration. It does not seek to have a new trial of the issues in the cause of Carr v. Hitt, Hall and others, but seeks instead to strike down the judgment rendered therein, on the ground that it would be inequitable and against conscience to allow it to remain in force by reason of the facts alleged. If the complaint in the present action is adjudged sufficient, and a trial is had on the issues tendered thereby, and appellants sustain the material allegations thereof, the judgment in said former action will be rendered inoperative by a proper judgment in this action, otherwise such former judgment will stand unimpaired, but without a new trial in said former cause, in either event. This being true, we are not required to consider or determine what effect, if any, the legislative enactments now in force in this state, with reference to the granting of new trials, have on the power of courts of equity to grant new trials. However, since appellees insist that the relief which appellants seek in the instant case is barred by statutory provisions, whether the complaint be construed as an action for a new trial in the case of Carr v. Hitt, Hall and others, or an action to render the judgment recovered therein inoperative by injunction, we may add that the prevailing rule appears to be that courts of equity are not restricted in the exer-

cise of their powers by general statutory provisions relating to the granting of new trials and reviewing judgments.   During the statutory periods in which such actions may be brought, courts of law and courts of equity have concurrent jurisdiction, but, under the rule that the latter will not grant relief where the former have jurisdiction to do so, courts of equity will not assume jurisdiction during such statutory periods.   That courts of equity. have power to grant such relief beyond · such statutory periods is recognized and clearly stated in the case of *Tice* v. *School-District* (1883), 17 Fed. 283, wherein it is said: "Anciently, appeals to the courts of chancery for relief against unconscionable judgments at law were frequent; but in modern times courts of law are themselves authorized to grant new trials upon liberal terms, and this mode of relief is, in general, ample, so that the equity jurisdiction in such cases is seldom invoked.   It nevertheless exists, and it is a mistake to say that it is simply co-extensive with the powers granted by statute to the courts of law.   It more frequently begins precisely where the power of the law court ends.   The jurisdiction often depends upon the fact that the court rendering the judgment is powerless to afford a remedy."   See also the following: *Bibend* v. *Kreutz* (1862), 20 Cal. 109; *Bankers Union, etc.* v. *Landis* (1906), 75 Neb. 625, 106 N. W. 973; *Dinsmore, Agt.,* v. *Adams* (1875), 49 How. Pr. 238; *Carlock* v. *Carlock* . (1911), 249 Ill. 330, 94 N. E. 507; *Kelley* v. *Boettcher* (1898), 85 Fed. 55, 29 C. C. A. 14; *Hoskins* v. *Hattenback & Charles* (1862), 14 Iowa 314. The State of Nebraska has a statute very similar to the statute of this state with reference to obtaining a new trial in a cause after term, and is identical in its provision that no application therefor shall be made more than one year after the final judgment is rendered.   The

Supreme Court of that state in the case of *Horn* v. *Queen* (1875), 4 Neb. 108, held that notwithstanding such statute, "Equity will grant relief in a proper case where fraud has been practiced by the successful party in obtaining the judgment, or where from accident or unavoidable circumstances, without fault on the part of the party applying therefor, a full and fair trial has not been had." The right of a court of equity to exercise its inherent power beyond statutory limitations has been recognized by the Supreme Court of this state in the following expression: "Methods for obtaining a new trial, or to review a judgment for material new matter, or for error of law, are pointed out by the statute, and beyond the methods thus prescribed courts possess inherent power to an almost unlimited extent, to redress wrongs by modifying or setting aside judgments obtained by fraud or mistake." *Weiss* v. *Guerineau, supra; Cicero Township* v. *Pickens, supra.* We conclude there is no statutory bar to the right of appellants to maintain this action as appellees contend.

Appellees have suggested that appellants have an adequate legal remedy in an action against the clerk of the Lake Circuit Court for failure to discharge his official duty with reference to making a complete record, and in preserving the papers in the case of Hitt and Hall v. Lightner and others. We recognize the well settled rule which appellees apparently seek to invoke, but such suggestion does not call for its application. The remedy suggested would not be against appellees, but against a third party, and therefore would not prevent the granting of equitable relief, under the facts alleged. *Beardsley* v. *Bennett* (1803), 1 Day (Conn.) 107. It would indeed be strange if appellees could be heard to say, when brought into a court of equity, that we admit that Drusilla Carr obtained a judgment against appellants, because of the fault of the

clerk of the Lake Circuit Court in failing to make a complete record, and to preserve the papers in the case of Hitt and Hall v. Lightner and others, and that facts have been discovered subsequently, which show that it would be inequitable and against conscience to allow such judgment to stand, but inasmuch as appellants may fully reimburse themselves through an action on the bond of such clerk, we pray that appellants may be confined to such an action for their redress, in order that we may retain the fruit of our inequitable judgment. Appellees cite a number of cases in support of the contention we are now considering, but none of which are opposed to the conclusion we have reached.  To illustrate:  In the case of *Miedreich* v. *Lauenstein* (1909), 172 Ind. 140, 86 N. E. 963, 87 N. E. 1029, cited by appellees, equitable relief was not denied because appellant therein had a right of action against the sheriff who made the false return, but because the action was predicated on fraud, and no fraud on the part of appellee was shown.  After the court so determined, it merely stated that an action for false return would lie not as a controlling fact, but as indicating that appellant was not without redress.  It does not appear in the instant case that appellants, by reason of any statute or otherwise, have an adequate legal remedy against appellees for the redress of the wrong on which this action is founded. On the other hand it is expressly alleged that no such remedy exists, and hence the complaint is sufficient in this particular.

Appellees further insist that the complaint is insufficient, because there is no averment therein, that the efforts alleged to have been made by appellants to obtain evidence to show that Drusilla Carr was in fact a defendant in the case of Hitt and Hall v. Lightner and others, were unavailing, or that they did not have knowledge of the contents of the return of the

summons issued in said cause, or their lack of ability to prove the contents thereof by parol evidence on the trial of the case of Carr v. Hitt, Hall and others.  While the complaint might have been made more specific in these particulars, still the failure in that regard is not fatal to its sufficiency, in view of the well settled rule, that a court, in determining the sufficiency of a complaint, will consider in connection with the facts expressly alleged therein, such further facts as can be implied therefrom by fair and reasonable intendment, and give such facts so impliedly averred the same force and effect as if directly stated.  *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99; *Town of Newpoint* v. *Cleveland, etc., R. Co.* (1915), 59 Ind. App. 147, 107 N. E. 560; *Woodsmall* v. *State* (1913), 179 Ind. 697, 102 N. E. 130; *Pittsburgh, etc., R. Co.* v. *Farmers Trust, etc., Co.* (1915), 183 Ind. 287, 108 N. E. 108; *Taylor* v. *Capp* (1918), 68 Ind. App. 593, 121 N. E. 37; *Fauvre Coal Co.* v. *Kushner* (1919), 188 Ind. 314, 123 N. E. 409; *Western Life Indemnity Co.* v. *Lindsay* (1920), 74 Ind. App. 122, 127 N. E. 841.  The complaint alleges the loss of the papers in the case of Hitt and Hall v. Lightner and others, and the efforts made by their custodian and others to locate them.  It then proceeds to describe with much detail the efforts made by appellants to find the person who served the summons issued in said cause, and thereby establish that said Drusilla Carr was in fact served with process therein, that a return was made to said summons, and the contents of such return.  The facts alleged with reference to these matters, when considered in connection with the other averments of the complaint, furnish an ample basis for implying the facts, which appellees claim are not directly alleged.

It is also urged that the answering defendants in the

case of Carr v. Hitt, Hall and others were at fault in going to trial upon their special answer of former adjudication, and expecting to establish the same by the abstract made by the witness Allman and the two entries made in the case of Hitt and Hall v. Lightner and others. The complaint fails to allege any facts which show that said defendants had any grounds on which to base an application for a continuance, as they had known of the absence of a complete record in the case last named, and of the loss of the summons issued therein, and the return of the sheriff thereto, for a long time prior to such trial, and had made reasonable efforts to obtain other evidence in lieu thereof to sustain their said answer, but without success. It does not appear that they had any information which would have entitled them to a continuance, and in considering the sufficiency of the complaint, we cannot presume such facts existed. In its absence they could not avoid going to trial, and should not be held to have been at fault, because they made an attempt to use the best evidence at hand, after their alleged efforts to secure other evidence less questionable. In the case of *Ratliff* v. *Stretch, supra,* the fact that the appellant therein had not made an application for a continuance of the cause in which the judgment assailed was rendered, is given weight, but the fact of surprise in that case makes it clearly distinguishable from the instant case in that particular.

Appellees claim that the failure of the plaintiffs in the case of Hitt and Hall v. Lightner and others to exercise due diligence, to ascertain the correct name of Drusilla Carr, if they intended to make her a defendant in that action, and have the record show that she was a party thereto, is the basis of this entire proceeding, and hence appellants have no standing in a court of equity on the facts alleged. It is ap-

parent that such failure may have occurred, although reasonable care may have been exercised to avoid the same, and since the complaint fails to show any negligence in the particulars mentioned, we cannot assume that it existed as a basis for holding the complaint insufficient. If on the trial, the evidence should disclose such negligence, there might be ground for urging its consideration, but even then that would be primarily the duty of the trial court. We therefore conclude that appellee's contention in this particular is not well taken.

Appellees finally contend that it does not appear from the allegations of the complaint that it is against equity and good conscience to enforce the judgment of the court in the case of Carr v. Hitt, Hall and others, which appellants are seeking to render inoperative by injunction in the present action. They base this contention on a claim that the judgment against which this proceeding is directed, was obtained in a trial upon the merits of the cause, and in which appellants herein were defeated, but that notwithstanding such fact appellants are now asserting that they should have succeeded in the trial of said cause, not because of any superior meritorious claim to the real estate in controversy, but by reason of an alleged technical advantage which they claimed to have obtained on account of the default and judgment in the case of Hitt and Hall v. Lightner and others. The reasons which appellees urge in support of this contention are not well grounded. In the first place, a judgment by default is not to be discredited by reason of the manner in which it was taken. It is just as binding as one otherwise rendered. 15 R. C. L. 669; *Barton* v. *Anderson* (1886), 104 Ind. 578, 4 N. E. 420; *O'Brien* v. *Moffitt* (1893), 133 Ind. 660, 33 N. E. 616, 36 Am. St. 566. Therefore, we cannot consider the judgment in the case of Hitt

and Hall v. Lightner and others as being in any wise impaired, because the defendants therein permitted the matters alleged in the complaint to go uncontested. In the second place, it does not follow that because Drusilla Carr prevailed in the trial of the cause, wherein the judgment assailed in this action was rendered, after a submission to the jury on its merits, that she would have also prevailed in the prior suit of Hitt and Hall v. Lightner and others, had she appeared and defended. It is alleged that she bases her claim of title to the land in question, solely on adverse possession. It requires twenty years for such possession to ripen into title, and since more than five years intervened between the rendition of the judgment in the case last above mentioned, and the commencement of the suit of Carr v. Hitt, Hall and others, it is apparent that the essential element of time had so far changed during that period that a right in favor of Drusilla Carr, which was merely accruing when said judgment was rendered, would have ripened into an absolute title when said last named action was commenced. By reason of these facts it cannot be successfully urged that the judgment in favor of Drusilla Carr in her action against Hitt, Hall and others, although tried on its merits, shows that her claim to the real estate is superior to that of appellants, when it is considered that she prevailed in such action by reason of the accident which deprived appellants of the evidence to sustain their plea of former adjudication.

In determining whether it would be against equity and good conscience to permit the judgment assailed in this action to stand, it should be borne in mind 21. that the accident, which is made the basis of the relief sought, does not involve primarily the loss of a mere paper or the inability to discover a witness, but involves the failure of an officer of a court of record

to discharge a duty imposed upon him by law. It is a rule of general application that where a party in the prosecution of a right does everything which the law requires him to do, and he fails to attain his right wholly by the neglect or misconduct of an officer charged with a public duty with respect thereto, he will be protected. *In re Ale* (1917), 66 Ind. App. 144, 117 N. E. 938, and cases there cited. In the instant case it appears from the allegations of the complaint that the real estate in question was a waste of sand and sloughs; that the said Mary H. B. Hitt and William Winchester Hall were the owners thereof of record, and had paid the taxes thereon for many years prior to 1903; that in the month of August of said year, having discovered that portions of said real estate had been occupied by squatters during fishing seasons, and that among them were Drusilla Carr and her two sons, the said owners commenced an action in the Lake Circuit Court to quiet their title to said land, making the said Drusilla Carr a defendant therein by the name Rosela Carr; that the said Drusilla Carr was served with summons in said cause, but suffered judgment to be taken against her therein by default; that the said Drusilla Carr, about four years after the rendition of said judgment, began a proceeding against said Hitt, Hall and others to quiet her title to the same real estate covered by said judgment, and in which a plea of former adjudication, based thereon, was interposed; that such plea was not sustained because the clerk of the court in which said judgment was rendered had neglected to make a complete record of the proceedings in said cause, and had failed to preserve the papers filed therein, including the summons served, and the sheriff's return thereto. These facts clearly call for an application of the rule stated above. It was clearly the duty of the clerk of the court in which said judgment was rendered to make said record and pre-

serve said papers. The plaintiffs had no control over such officer, and it was not incumbent on them to see that he discharged his duty. *Wolfenberger* v. *Hubbard* (1915), 184 Ind. 25, 110 N. E. 198. They had a right to presume that such officer would do his duty, and that such record and papers would be available to them whenever they might be needed to protect their rights. Such officer having failed in his duty, and it being shown that appellants, through no fault of theirs, had lost title to the real estate in question because of such failure, it is clear to us that a court of equity should interpose and prevent such a palpable wrong. Not to do so would be a failure of the court to exercise its inherent power where equity and good conscience clearly demands it.

Appellees have cited the case of *Ratliff* v. *Stretch, supra,* as a precedent supporting their contention that the complaint in the instant case is insufficient, but we cannot accept it as controlling. True, the facts alleged in the complaint in that case bear a resemblance to the facts alleged in this case in some particulars, but it will be observed that the principal facts on which that decision rests are not present in the instant case. We have not failed to note what the court said in that case with reference to enjoining the enforcement of judgments on account of the absence of a witness or the loss of an instrument in writing, being an unsafe practice to inaugurate. That such practice, if made a general rule, would be unwise because unsafe, we do not question, but it does not follow that a court of equity should never enjoin the enforcement of a judgment for such reasons, and especially where such enforcement would be against good conscience, because an officer of a court of record had failed in the discharge of a duty imposed upon him by law. The crowning purpose of a court of equity is to effect justice within the limits of its power,

and it ought not to be deterred from doing so under the circumstances of a particular case, because such a practice, if made general, might become unsafe and result in harm, or because a precedent may be found to the contrary. It should be borne in mind that courts of equity are not bound absolutely by precedents, but it is their duty to give effect to principles. As said in the case of *McGowan* v. *Paul* (1910), 141 Wis. 389, 123 N. W. 256: "There is no vitality in precedents; there is in rules. They are susceptible of expansion along every line necessary to reach new conditions. In all situations and under all circumstances, whether new or old, the principles of equity will point the way to justice where legal remedies are infirm. Precedents will be a constant guide, but never a bar. Where a new condition exists, and legal remedies are inadequate or none are afforded at all, the never failing capacity of equity to adapt itself to all situations will be found equal to the case, extending old principles, if necessary, not adopting new ones, for that purpose."

We have carefully considered all the contentions made by appellees, but do not consider it advisable to extend this opinion further for the purpose of treating the same at length. For the reasons stated we are clearly of the opinion that the facts alleged, as disclosed by the record before us, presents a cause which appeals so strongly to equity, that a trial ought to be had upon the merits, and the rights of the parties ought to be determined after hearing the evidence, and not upon a demurrer to the complaint. *Cleveland, etc., R. Co.* v. *Hayes* (1905), 35 Ind. App. 539, 74 N. E. 531; *Brown* v. *Brown* (1894), 139 Ind. 653, 39 N. E. 152. Judgment reversed with instructions to overrule the demurrer to the complaint, and for further proceedings consistent with this opinion.